ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
Assistant United States Attorney
California Bar Number 140310
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-6528
    Facsimile:  (213) 894-7177
    E-mail: Greg.Parham@usdoj.gov

Attorneys for Plaintiff
United States of America

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) SA CV 12-00081 JVS(ANx) |
| Plaintiff, | ) **CONSENT JUDGMENT OF FORFEITURE** |
| vs. | ) |
| REAL PROPERTY LOCATED AT 128 AND 130 CABRILLO STREET, COSTA MESA, CALIFORNIA, (STEVEN F. MURPHEY AND CELESTE MURPHEY), | ) |
| Defendant. | ) |
| STEVEN F. MURPHEY, CELESTE MURPHEY, AND MELODY COHEN, TRUSTEE, THE SOUTHERLAND TRUST DATED SEPTEMBER 19, 2008, | ) |
| Claimants. | ) |

     This action was filed on January 18, 2012.  Notice was given and published in accordance with law.  Claimant and

1

titleholders Steven F. Murphey and Celeste Murphey ("the Murpheys") filed a claim on February 15, 2012.  Claimant Melody Cohen, Trustee, the Southerland Trust Dated September 19, 2008 ("the Southerland Trust") filed a claim on February 14, 2012 and an answer on February 16, 2012.  No other claims or answers have been filed, and the time for filing claims and answers has expired.  Plaintiff United States of America ("the government"), the Murpheys and the Southerland Trust have reached an agreement that, without further litigation and without an admission of any wrongdoing, is dispositive of the government's claims against this property, and hereby request that the Court enter this Consent Judgment of Forfeiture.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1.   As used throughout, the following terms shall have the following meaning:  (a) "defendant property" shall mean the defendant real property located at 128 and 130 Cabrillo Street, in Costa Mesa, California; (b) "claimant's property" shall mean any real property that the Murpheys own, maintain, control or manage, including, but not limited to, the defendant property; and (c) "illegal purpose" shall mean any purpose that furthers or facilitates the distribution or sale of marijuana in violation of federal law, including, but not limited to, renting space to a person or entity that sells or distributes marijuana or the renting of space to or permitting the continued tenancy of any person or entity that sells, distributes or facilitates the sale or distribution of marijuana.

2.   This Court has jurisdiction over the parties to this judgment and the subject matter of this action.

3.    On or about January 18, 2012, the government filed a Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7) against the defendant real property.

4.    The Murpheys and the Southerland Trust filed claims to the defendant property.  The Southerland Trust also filed an answer.  No other claimant has appeared in this action.

5.    Notice of this action has been given in accordance with law.  No appearances having been made in this action by any person other than the Murpheys and the Southerland Trust, the Court deems that all other potential claimants admit the allegations of the Complaint to be true.  The Complaint states a valid claim for relief pursuant to 21 U.S.C. § 881(a)(7).

6.    The Murpheys shall retain possession of and title to the defendant property, and in consideration thereof, the Murpheys and the Southerland Trust agree to abide by the terms of this Agreement.  The Murpheys shall lawfully use and occupy the defendant property in accordance with the restrictions imposed by paragraph 7 below.  If the Murpheys or the Southerland Trust fail to comply with any of the terms of paragraph 7, the interest of the non-complying party or parties in the defendant property shall be forfeited to the government pursuant to paragraph 8 below.

7.    Neither the Murpheys nor the Southerland Trust shall use or occupy the defendant property, nor shall they allow the defendant property to be used or occupied, for any illegal purpose.  Each of the Murpheys and the Southerland Trust shall take all reasonable precautions to prevent any destruction to or diminution in value of the defendant property and any fixtures

thereto.  The Murpheys shall not knowingly rent, lease or otherwise allow the use or occupancy of any of claimant's property to (a) any former tenant who used or occupied any of claimant's property for any illegal purpose; or (b) any person the Murpheys have reason to believe may use or occupy the claimant's property for any illegal purpose.  The Murpheys shall not knowingly allow any of the claimant's property to be listed in any advertisement, publication, directory or internet site which advertises or indicates that marijuana is available at the location of the claimant's property.[1]

8.  In the event that any of the Murpheys or the Southerland Trust fail to comply with any of the terms of paragraph 7 of this Consent Judgment during the four (4) year period following the entry of this judgment, the entirety of each non-complying claimants' interest in the defendant property shall be ordered condemned and forfeited to the United States. In the event of forfeiture, the Orange County Recorder shall index this Judgment in the grantor index under the name of Steven F. Murphey and Celeste Murphey and in the grantee index in the name of the United States of America.  If the government believes that the Murpheys or the Southerland Trust have failed to comply with any provision of paragraph 7, it shall provide written notice of such failure to the Murpheys and the Southerland Trust (as well as their respective undersigned counsel), describing the provision believed to have been violated.  The Murpheys and/or the Southerland Trust shall have

---

[1]  The government and claimants are currently informed and believe that there is no location of any claimant's property currently listed in any such publications.

fifteen (15) days from its receipt of such notice to cure the violation.  If the violation is not cured within the 15-day period, the government shall file a Notice of Non-Compliance and Forfeiture with the Court, setting out the violation and the failure of the Murpheys or the Southerland Trust to timely cure the violation.  The Murpheys and/or the Southerland Trust shall have fourteen (14) days from the filing of the Notice to seek relief from forfeiture.  If such a motion is filed, the government shall take no further action until the motion has been determined.  If no such motion is timely filed, the defendant property shall be forfeited to the United States on the fifteenth (15th) day after the filing of the Notice of Non-Compliance and Forfeiture, unless the Court orders otherwise. Upon forfeiture under the terms of this paragraph, the government shall have the right to take possession of the defendant property without further order of the Court, and the United States Marshals Service, or its representatives, shall, without further order of the Court, proceed to take physical possession of the defendant property and its fixtures, and may evict any and all persons, pets, livestock, and personal property from the defendant property as it deems necessary or appropriate.  A "filed"-stamped copy of this Consent Judgment accompanied by a "filed"-stamped copy of a Notice of Noncompliance and Forfeiture and/or order of the Court, shall be sufficient to establish the forfeiture of the defendant property.  In the event that the defendant property is forfeited to the government, the Murpheys and the Southerland Trust agree that the United States Marshals Service may proceed to sell the

defendant property.   Thereafter, the United States Marshals
Service, or its representatives, shall promptly proceed to
dispose of the defendant property and to distribute any proceeds
from the sale in accordance with the law.

9.   Upon the filing of this Consent Judgment, the United
States Marshals Service, or its representatives, shall be
allowed to enter the defendant property for purposes of
inspection and inventory.   Such entry shall be permitted by the
Murpheys and the Southerland Trust at a reasonable time to be
agreed upon by the parties.   Absent such agreement, the
government may apply to the Court for a writ of entry for
purposes of protecting the government's interests in the
defendant property, in connection with which the Murpheys or the
Southerland Trust may request a hearing.

10.   This consent judgment shall only be recorded in
accordance with the provisions of paragraph 8 above.

11.   The Murpheys and the Southerland Trust have released
the United States of America, its agencies, agents, and
officers, including, without limitation, employees and other
representatives of the Drug Enforcement Administration, from any
and all claims, defenses, actions, or liabilities arising out of
or related to this action against the defendant real property,
including, without limitation, any and all claims for attorneys'
fees, costs or interest which may be asserted by them or on
their behalf.

12.   The parties shall each bear their own costs and
attorneys' fees in this action.

///

        13.   The Court shall retain jurisdiction over this matter
             to enforce the provisions of this Consent Judgment.


Dated: March 20, 2012    _____
                         THE HONORABLE JAMES V. SELNA
                         UNITED STATES DISTRICT JUDGE

**Approved as to form and content:**


DATED: March __, 2012    ANDRÉ BIROTTE JR.
                         United States Attorney
                         ROBERT E. DUGDALE
                         Assistant United States Attorney
                         Chief, Criminal Division
                         STEVEN R. WELK
                         Assistant United States Attorney
                         Chief, Asset Forfeiture Section


                         _____
                         P. GREG PARHAM
                         Assistant United States Attorney

                         Attorneys for Plaintiff
                         United States of America

DATED: March __, 2012
                         _____
                         SHAWN PEREZ
                         Attorney for Claimants
                         STEVEN F. MURPHEY AND CELESTE MURPHEY


DATED: March __, 2012
                         _____
                         DENNIS R. DELAHANTY
                         Attorney for Claimant
                         MELODY COHEN, TRUSTEE OF THE
                         SOUTHERLAND TRUST DATED SEPTEMBER 19,
                         2008

7